E-FILED
Wednesday, 01 August, 2018 02:36:26 PM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| KEWU ZHAN,<br>    Plaintiff,<br><br>v.<br><br>PATRICK F. HOGAN, et al.,<br>    Defendants. | Case No. 4:18-cv-04126-SLD-JEH |

## Order

Now before the Court is Defendant CMB Export, LLC's Motion to Seal (Doc. 5). For the reasons set forth below, the Motion is DENIED and the Clerk is directed to UNSEAL the Plaintiff's Complaint (Doc. 1) and the exhibit (Doc. 1-1) attached thereto.

### I

On July 11, 2018, the Plaintiff, Kewu Zhan, filed his Complaint for Rescission against Defendant Patrick F. Hogan, CMB Export Infrastructure Investment Group 48 LP, CMB Export LLC (CMB), CMB Illinois Regional Center LLC d/b/a CMB Regional Centers, and NK Immigration Services LLC. The Complaint alleges that the Plaintiff is a limited partner in a fund that is sponsored, managed, and controlled by Defendant Hogan (who allegedly controls all the Defendants). It further alleges:

> Hogan and others across the country sought to fill [the gap created after the 2008 financial crisis which caused banks to be skittish about making development loans unless fully secured by real estate] by tapping the USCIS' EB-5 program, which had previously been used for small rural projects. They decided to morph the EB-5 program into massive lending entities composed of foreign (mostly Chinese)

1

investors who were corralled into giant funds that would make subordinated loans to developers at a low rate of interest, motivated by the promise of qualifying for eventual residency in the United States.

(Doc. 1 at pg. 7). The Plaintiff included three counts: failure to register as investment company; fraudulent misrepresentation and omission of material facts; and unregistered broker-dealer. He seeks to rescind his investment and get a return of his money. Attached to the Complaint as a single exhibit were a Confidential Private Placement Memorandum (PPM), a Form Subscription Agreement, a Form Limited Partnership Agreement, a Form Escrow Agreement, and a Loan Agreement.

The Complaint was placed under seal by the Clerk of Court on the same day it was filed. On July 24, 2018, Defendant CMB filed the instant Motion to Seal. In its Motion, CMB argues the Plaintiff's allegations are merely an effort to harass CMB and other Defendants. CMB also argues the confidential documents the Plaintiff attached to his Complaint are kept confidential for a reason; the commercial lending business is highly competitive and the decision to publicly file these documents causes a competitive disadvantage to CMB Export and its partners. Finally, CMB argues the documents attached to the Complaint require recipients to keep those documents confidential and no disclosure was required to file the Complaint.

## II

### A

Local Rule 5.10(A)(2) provides:

The Court does not approve of the filing of documents under seal as a general matter. A party who has a legal basis for filing a document under seal without prior court order must electronically file a motion for leave to file under seal. The motion must include an explanation of how the document meets the legal standards for filing sealed

documents. The document in question may not be attached to the motion as an attachment but rather must be electronically filed contemporaneously using the separate docket event "Sealed Document." In the rare event that the motion itself must be filed under seal, the motion must be electronically filed using the docket event "Sealed Motion."

B

"The general rule is that the record of a judicial proceeding is public." *Jessup v. Luther*, 277 F.3d 926, 927 (7th Cir. 2002). "[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). However, that interest can be overridden if the property and privacy interests of the litigants predominate in the particular case. *Id.* "When there is a compelling interest in secrecy, as in the case of trade secrets, the identity of informers, and the privacy of children, portions and in extreme cases the entirety of a trial record can be sealed. *Jessup*, 277 F.3d at 928 (collecting cases); *see Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) (explaining that documents "that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality"). A court must weigh the interest in secrecy against the competing interests in a particular case. *Jessup*, 277 F.3d at 928; *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 602 (1978) ("we normally would be faced with the task of weighing the interests advanced by the parties in light of the public interest and the duty of the courts").

Here, CMB's interest in secrecy does not predominate. First, CMB argues the information it seeks to have sealed is such information as would cause it a competitive disadvantage. However, the Plaintiff points out a simple Google search provides access to EB-5 PPMs similar to the one the Plaintiff attached to his Complaint, CMB's own website includes information about its projects and the

fund at issue in this case, and the very PPM attached in this case has been widely disseminated. Such facts militate against the conclusion that the information to be sealed is "something whose economic value depends on its secrecy[.]" *Baxter Int'l, Inc.*, 297 F.3d at 547.

Second, the existence of a confidentiality clause in the attached PPM and a "Confidential" marking on the other attached documents does not oblige the Court to conclude all of those documents must be placed under seal in their entirety. Notably, CMB requests that the attachments to the Complaint be sealed *in their entirety* and does not suggest what redactions to those documents can be made to protect its interests (avoidance of a competitive disadvantage) while at the same time ensuring this judicial proceeding remain as open as possible. Even under Federal Rule of Civil Procedure 26(c)(1)(G), which CMB cites to support its request, a court may not issue a broader than necessary protective order to protect trade secrets. In *Citizens First National Bank of Princeton*, the Seventh Circuit addressed the district judge's failure to make a determination of "good cause" under Rule 26(c) to seal any part of the record of the case. 178 F.3d at 944. The Seventh Circuit determined that the district judge entered a protective order that was far too broad:

> The order is not limited to trade secrets, or even to documents "believed to contain trade secrets," which anyway is too broad both because "believed" is a fudge and because a document that contains trade secrets may also contain material that is not a trade secret, in which case all that would be required to protect a party's interest in trade secrecy would be redaction of portions of the document.

*Id*. at 945. The Seventh Circuit reminded the district judge of his obligation to engage in a neutral balancing of the relevant interests to determine what material ought to be kept out of the public record. *Id*. at 946.

4

The Plaintiff in his Reply to the Motion to Seal represents that he can provide the Court with 10 other EB-5 transaction PPMs which will reveal nothing unique about the CMB document in this case. The Plaintiff further represents that "[a]ll of [the terms and verbiage in EB-5 project PPMs] are industry standard" and all EB-5 projects have PPMs that attach a limited partnership agreement and loan agreement. Based upon these representations made to the Court, the ease of a Google search to access similar PPMs, CMB's own website, the PPM's wide dissemination, and CMB's blanket request that the *entirety* of the attached exhibits be placed under seal, CMB's Motion to Seal must be denied. The Court finds that CMB's interests do not override the public's interest in what goes on at all stages of a judicial proceeding. *See Citizens First Nat'l Bank of Princeton*, 178 F.3d at 945.

### III

For the aforementioned reasons, Defendant CMB Export, LLC's Motion to Seal (Doc. 5) is DENIED. The Clerk is directed to UNSEAL the Complaint (Doc. 1) and the exhibit (Doc. 1-1) attached thereto. The parties are reminded that they may seek an appropriate protective order at the appropriate time.

*It is so ordered.*

Entered on August 1, 2018.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE