E-FILED
Monday, 27 August, 2018  05:16:24 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

| | | |
|---|---|---|
| KEWU ZHAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PATRICK F. HOGAN; CMB EXPORT | ) | No. 4:18-CV-04126-SLD-JEH |
| INFRASTRUCTURE INVESTMENT GROUP | ) | |
| 48 LP; CMB EXPORT LLC; CMB ILLINOIS | ) | |
| REGIONAL CENTER LLC D/B/A CMB | ) | |
| REGIONAL CENTERS; NK IMMIGRATION | ) | |
| SERVICES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO DISMISS AND MEMORANDUM OF LAW

August 27, 2018

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

*/s/ Donald E. Lake, III*
Donald E. Lake, III

Donald E. Lake, III
1700 Lincoln Street, Suite 4000
Denver, Colorado  80203
Telephone:     (303) 861-7760
Facsimile:      (303) 861-7767
E-Mail:  Tripp.Lake@lewisbrisbois.com

4824-4092-2737.1

Matthew J. Morris
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
1403 West Vandalia Street, Suite 300
Edwardsville, Illinois 62025
Telephone:      (618) 307-7280
Facsimile:      (618) 692-6099
E-Mail:  Matthew.Morris@lewisbrisbois.com

Kenneth J. Joyce, *Pro Hac Vice*
Stacy M. Schwartz, *Pro Hac Vice*
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
110 Southeast Sixth Street, Suite 2600
Fort Lauderdale, Florida 33301
Telephone:   954.728.1280
Facsimile:   954.728.1282
E-Mail:  Ken.Joyce@lewisbrisbois.com
E-Mail:  Stacy.Schwartz@lewisbrisbois.com

*Counsel for Defendants*

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      Count I Fails to State a Claim Upon Which Relief may Be Granted. ...............................2

II.     Plaintiff's Count II Fails to State a Cognizable Claim. .....................................................3

III.    No Private Cause of Action Exists to Support Count III. ...................................................4

IV.     Count I Fails to State a Claim Upon Which Relief may be Granted. .................................6

V.      Plaintiff's Count II Fails to State a Cognizable Claim. ...................................................10

        A. Plaintiff Has Not and Cannot Plead the Elements of Fraud........................................10

        B. Plaintiff's Allegations of Misrepresentation are Misguided as to the Materiality
           of the Statements....................................................................................................13

                1. Defendants had no fiduciary relationship with Plaintiff, and so
                   Defendants had no duty to disclose material information as
                   Plaintiff claims. ...........................................................................................14

                2. Whether the partnership offering was a security is not the category of
                   information that must be disclosed, even in the presence of a
                   fiduciary relationship. .................................................................................15

VI.     No Private Cause of Action Exists to Support Count III..................................................17

Defendants, by and through undersigned counsel, pursuant to Fed. R. Civ. P. 12(b)(6) 4, hereby move to dismiss Plaintiff Zhan's Complaint. In support thereof, Defendants state as follows:

## MOTION TO DISMISS

Plaintiff's Complaint largely constitutes a distorted indictment of the EB-5 program nationally, followed by a recitation of Mr. Zhan's personal grievances against the program as it has allegedly affected him.  He makes a number of inflammatory and conclusory statements concerning Defendants and the EB-5 program, but those statements are largely made for effect and are not factual allegations that belong in a well-pleaded complaint.  Not least, Plaintiff accuses his immigration attorney, with whom he worked in subscribing to the partnership, of making promises in Chinese that expressly contradict CMB's official documents in English; Plaintiff attributes the apparent unethical conduct of his attorney to CMB, even though Plaintiff does not and cannot show that this immigration attorney was an agent of CMB because he was not[1]; Plaintiff misapprehends the public group of companies created to manage a partnership and related real estate investments labeling it a shell game; and Plaintiff attributes  knowledge of the significant visa availability delays for mainland Chinese investors in 2015 when Plaintiff entered into the partnership to certain Defendants[2], even though Defendants have no authority vis-à-vis immigration policy and the risk now complained of was expressly disclosed.

Should this case go forward in this forum, Defendants will show that the nature, risks and potential benefits of Plaintiff's investment are clearly documented in materials Plaintiff was provided.   Defendants will show that Plaintiff agreed to those risks, and that the

---

[1] Many of Plaintiff's actions lie against his immigration attorney, but those actions may be time-barred, leading Zhan to seek relief here.

[2] Neither Patrick Hogan nor CMB Illinois Regional Center are parties to the subject agreements.

misrepresentations Plaintiff attributes to these Defendants were actually made, if at all, by his own agent not subject to Defendants' control or agency.

Notwithstanding whether Plaintiff's allegations are correct, or even directed at the appropriate parties, however, Plaintiff has not stated claims upon which relief can be granted against these Defendants.

## I.      Count I Fails to State a Claim Upon Which Relief may Be Granted.

Plaintiff's first claim for relief, brought pursuant to 15 U.S.C. § 80a, purports to set forth entitlement to rescission of a contract on the grounds that the Defendants allegedly sold securities as an unregistered investment company.   As grounds therefor, Plaintiff attacks Defendants' new commercial enterprise, referred to herein as Group 48.  Group 48 was formed in accordance with the dictates of the EB-5 Program to manage investments by foreign nationals for the purpose of allowing those investors to participate in the EB-5 Program. Plaintiff concludes that Defendants' investment vehicle was a security pledged to collateralize a loan, and Defendants should have registered as an investment company under the Investment Company Act of 1940 ("ICA").

Even if Plaintiff were correct, which Defendants dispute, Plaintiff has no private right of action under 15 U.S.C. § 80(a). No private right of action is created by the securities laws for failure to register as an investment company under 15 U.S.C. § 80(a).  Where no private right of action is expressly granted, none may be inferred.  In other words, any violation of the ICA by Defendants' alleged failure to register may be actionable by federal regulatory authority, but not by Plaintiff.

For the foregoing reasons, and for the reasons set forth in the accompanying memorandum of law, Count I must be dismissed.

**II.     Plaintiff's Count II Fails to State a Cognizable Claim.**

In order to state a claim of fraud, a Plaintiff must state with particularity the circumstances constituting the fraud.  The gravamen of Count II is the allegation that Defendants – not Mr. Hogan individually, though he is lumped in with all other defendants for the purpose of this and other of Plaintiff's claims – asserted that the limited partnership are not securities under federal law. *Complaint,* ¶ 49, citing PPM at 15.  Plaintiff then draws the legal conclusion that this statement was wrong, *Complaint*, ¶¶49-50, but then recognizes the very provision which addresses the risk in the event of applicability of U.S. Securities law.  *Complaint,* ¶ 52.  The Complaint is devoid of allegations that assert statements made for the purpose of defrauding investors. Rather, the allegations demonstrate mere speculation that Defendants must have known this investment was a security.

For the sake of this motion, even if Defendants were wrong in their belief that these investments were not securities, the pleading standard for fraud has not been met.

Moreover, the allegedly fraudulent statement does not concern facts or circumstances arising outside the context of the securities laws, a prerequisite to support a cause of action here. The securities laws were established to police the disclosure of material information to potential investors.  The question of whether an investment is a security does not form the basis for a private cause of action: rather, if an investment is a security, Plaintiff must show that Defendants made a false or misleading statement or omission of information required to be disclosed under a duty that is separate from the disclosure and registration requirements of the securities laws.  For example, statements regarding financial stability of a marketed security, experience of a fund's managers, or the nature and purpose of the investment itself are all statements that, if made

fraudulently, would induce someone to invest under false and misleading circumstances.  The sole materiality statement made by Plaintiff is that he claims it is material that he would **not** be protected by the securities laws because of Defendants' purportedly false statement that the investment was not a security; yet, he further claims he did not read (or initially even receive) the documents.  Thus, when Plaintiff did sign the Agreements, there could have been no reliance on any statements allegedly made by Defendants.  However,  this is not the type of statement that gives rise to a cause of action under Section 10b-5 of the Securities Act.

Instead, Plaintiff alleges that Defendant's assessment of whether investment into the partnership was a security was wrong, and that Plaintiff relied to his detriment on Defendants' assessment that Plaintiff would not be protected by securities law.  Although, as stated above, there could have been no reliance on Defendants' alleged misstatements since the Plaintiff admitted he did not have the Agreements, let alone read them.  (Complaint, ¶ 22).  Ignoring the fact that Plaintiff did not read, and thus could not have relied upon any statements made by Plaintiff, the allegation that Plaintiff was advised that a lower level of regulatory protection existed does not make sense and it does not plead an element of the claim.

In short, Plaintiff did not, and cannot, claim that Defendants made a fraudulent misrepresentation about some material fact concerning Plaintiff's investment. And Plaintiff did not and cannot show that Defendants made any allegedly fraudulent misrepresentation about any material fact arising outside the scope of the securities laws.  Therefore, Count II must be dismissed.

### III.     No Private Cause of Action Exists to Support Count III.

Like Count I, Count III fails as no private cause of action exists.  Plaintiff claims here that Defendants – again individually or collectively, Plaintiff does not say which – have failed to

register as a broker-dealer, or they have aided and abetted unregistered broker-dealers in their efforts to garner investments.   But again, as set forth in greater detail in the incorporated memorandum, no private cause of action exists and Plaintiff is not entitled to the relief he seeks as a matter of law.

Plaintiff has not pleaded an essential element of his claim for a private action for rescission under Section 29(b).  Thus, Count III must be dismissed.

### MEMORANDUM OF LAW

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 544, 550 U.S. 544, 570 (2007) (internal citations omitted). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Speculation about either the entitlement or basis for relief, however, does not merit deference. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678-79. *Vogel v. McCarthy, Burgess, & Wolff, Inc.*, No. 17 C 6681, 2018 U.S. Dist. LEXIS 131856, at *3-4 (N.D. Ill. Aug. 6, 2018). Likewise, allegations stated in the form of unsubstantiated legal conclusions, which Plaintiff here has substituted for allegations of fact, are insufficient to survive a motion to dismiss. *Simpson v. Tri Valley Cmty. Unit Sch. Dist. No. 3*, No. 1:17-cv-01340-JES-JEH, 2018 U.S. Dist. LEXIS 113209, at *6 (C.D. Ill. July 9, 2018).

On a motion to dismiss, this Court may consider the complaint itself, documents attached to the complaint, documents central to the complaint (to which the complaint refers), and information properly subject to judicial notice. *Norix Grp., Inc. v. Corr. Techs., Inc.*, No. 17-cv-07914, 2018 U.S. Dist. LEXIS 131435, at *5 (N.D. Ill. Aug. 6, 2018); *see also Great W. Cas. Co. v. Ross Wilson Trucking*, No. 3:16-CV-03253, 2017 U.S. Dist. LEXIS 142418, at *2 (C.D. Ill. Sep. 1, 2017) (noting that the court may consider documents referred to in the complaint that are central to the claim on a Rule 12(b)(6) motion to dismiss (citing *188 LLC v. Trinity Indus., Inc.*, 300 F. 3d 730, 735 (7th Cir. 2002)).

Plaintiffs' Complaint does not survive this standard.

## IV.   Count I Fails to State a Claim Upon Which Relief may be Granted.

Count I of the complaint asserts a violation of section 7(a) of the ICA by alleging the transaction at issue was completed by CMB without proper registration as an investment company. Plaintiff has no right under 15 U.S.C. § 80(a) to the relief he seeks because no private right of action is created by the securities laws for failure to register as an investment company.

The ICA was comprehensively amended in 1970. In addition to amendments in two substantive areas of the ICA, the bill contained various amendments to the ICA and Investment Advisors Act designated to "facilitate, update and improve the administration and enforcement" of the Acts. S. Rep. 91-184, reprinted in [1970] U.S. Code Cong. & Adm. News 4897, 4898. There is no reference in the statute or legislative history which acknowledges expressly or impliedly a private cause of action under the ICA for failing to register as an investment company. The 1970 amendments did not ignore private rights of action, however, but specifically provided for a private right of action for damages by shareholders suing on behalf of

the investment company for breach of fiduciary duty by the company's investment advisor with respect to the receipt of compensation. In this regard, the Senate Report stated:

> Compare, for example, related sections of the ICA. Section 36(b) [15 U.S.C. § 80a-35(b)] authorizes the Commission and also a shareholder acting on behalf of the fund to institute an equitable action involving a claim of breach of fiduciary duty. The section makes it explicit that the Commission or any other plaintiff has the burden of proving to the satisfaction of the court that the defendant has committed a breach of fiduciary duty."

*Id.*

Section 80a-35(a), on the other hand, authorizes the Commission to bring an action for injunctive relief against a person acting in certain capacities (officer, director, advisor, principal underwriter) with respect to an investment company, which has engaged in or is about to engage in an act which constitutes a breach of fiduciary duty. There is no private right of action included in Subsection (a). This provision was part of the original ICA. This is important because it shows that Congress was mindful of whether to establish a private right of action when it amended the ICA in 1970.

The Senate Report made the following statement with regard to Subsections (a) and (b) and the express provision for a private right of action in the latter:

> Although section 36(b) [15 U.S.C. 80a-35(b)] provides for an equitable action for breach of fiduciary duty as does section 36(a), [15 U.S.C. § 80a-35(a)], the fact that subsection (b) specifically provides for a private right of action should not be read by implication to affect subsection (a). Similarly, the fact that subsection (b) specifically places the burden of proof on the plaintiff does not mean that the normal rules of evidence which ordinarily place the burden of proof on a plaintiff would not apply to subsection (a)."

S. Rep. No. 91-184, *supra* at 4911.

If Congress affirmatively intended to preserve an existing private remedy, there are two logical courses of action which it could have taken. First, Congress could have simply omitted any specific provision for a private right of action under Subsection 36(b), reasoning that such a

right was already clearly recognized by the courts. Alternatively, we would expect some reference in the legislative history approving implication of a private right of action under the ICA, and explaining the inclusion of such in Subsection (b) as merely evidencing explicit Congressional approval of a private cause of action in this instance. In this case, Congress elected neither of the above courses of action. Rather, Congress simply added an express private right of action under a single section of the ICA, stated that it should not be considered as affecting another subsection of the statute, and made no reference whatsoever to prior judicial implication under the ICA generally.

Likewise with 15 U.S.C. § 35(a), 15 U.S.C. § 41 clearly contemplates enforcement of the Act by the Commission, and specific reference in that section is made to actions alleging violations of Section 7 of the Act. The statute further authorizes the SEC to exempt persons from the Act's coverage, to the extent it is "necessary or appropriate in the public interest and consistent with the protection of investors and the purposes fairly intended by the policy and provisions" of the Act. 15 U.S.C. § 80a-6(c). In the absence of any evidence that Congress intended a private right of action to supplement this enforcement scheme, courts should not imply a private right of action to compel registration under the ICA. *Cf., M.J. Whitman & Co., Pension Plan v. Am. Fin. Enters., Inc.*, 552 F. Supp. 17, 22 (S.D. Ohio 1982), *aff'd*, 725 F.2d 394 (6th Cir. 1984). The Second Circuit Court of Appeals in *Olmsted v. Pruco Life Ins. Co.*, 283 F.3d 429, 434 n.4 (2d Cir. 2002), cited *M.J. Whitman* approvingly.

This issue of an implied private right of action was carefully considered in *Alexander v. Sandoval*, in which the Supreme Court strictly limited the ability of federal courts to imply private rights of action in federal statutes. 532 U.S. 275, (2001). "Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress." *Id.* at 286

(2001). Without Congressional intent expressed in the statute, "a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." *Id.* Therefore, courts must begin their inquiry into Congressional intent "with the text and structure" of the statute. *Id.* at 288.

While section 47(b)  expressly authorizes rescission as a private remedy for contracts that violate the ICA, such language is not sufficient to find an implied private right of action. *Sandoval* held that the "judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy." 532  U.S.  at  286. Here, section  47(b) contains  a  remedy,  but  not  a  substantive right. Accordingly, courts considering section 47(b) after *Sandoval* have held or assumed that the provision  provides  a  remedy  rather  than  a  distinct  cause  of  action  or  basis  of  liability. *See, e.g., Smith v. Franklin/Templeton Distribs.*, No. C 09-4775 (PJH), 2010 U.S. Dist. LEXIS 56516, 2010 WL 2348644, at *7 (N.D. Cal. Jun. 8, 2010) ("By its terms, § 47(b) provides a remedy . . . rather than a distinct cause of action or basis for liability.") ("*Franklin/Templeton I*"); *Stegall v. Ladner*, 394 F. Supp. 2d 358, 378 (S.D.N.Y. 2005) (parties concede that "ICA § 47(b) provides a remedy rather than a distinct cause of action or basis of liability"); *Mutchka*, 373 F. Supp. 2d at 1027 ("The parties agree that Section 47(b) is remedial in nature and does not itself provide a cause of action"). The substantive right arguably protected by section 47(b) must be inferred from the substantive violation  that a plaintiff alleges as a predicate for the rescission action. As a result, when courts dismiss claims that allege ICA violations as predicates to a section 47(b) claim, those courts also dismiss the section 47(b) claim. *See, e.g., Franklin/Templeton I*, 2010 U.S. Dist. LEXIS 56516, 2010 WL 2348644, at *7 ("Because the complaint alleges no violation of the ICA which can provide a predicate for the claim under § 47(b), the court finds that the §

47(b) claim fails to state a claim and must be dismissed."). As this analysis shows, section 47(b) cannot bestow a private right of action on substantive provisions of the ICA that lack such an action.

While a private right of action may once have existed under the Investment Company Act for violations of Section 7(a), no such right presently survives. Count I of the Complaint must be dismissed.

## V.     Plaintiff's Count II Fails to State a Cognizable Claim.

In Count II, Plaintiff seeks a declaration that the agreements are securities and that Defendants committed fraud by failing to disclose the same.  But Plaintiff here has neither adequately pled a claim of fraud, nor is he entitled to relief under section 10b-5.

A. Plaintiff Has Not and Cannot Plead the Elements of Fraud.

In order to state a claim of fraud, a Plaintiff must state with particularity the circumstances constituting the fraud.  In addition to the general standards for a Motion to Dismiss, plaintiffs must plead their accusations of fraud with particularity. Fed. R. Civ. P. 9(b); *Arazie v. Mullane*, 2 F.3d 1456, 1465 (7th Cir. 1993) (stating that particularity requires the party to specify the "who, what, when, where, and how" of the alleged fraudulent act). *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 765 (7th Cir. 2010).

"The elements of a private securities fraud claim based on violations of § 10(b) and Rule 10b-5 are:  (1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *Erica P. Hohn Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 809-10 (2011) (citations omitted). To show scienter the plaintiff must show "a 'mental state embracing intent to deceive, manipulate, or defraud.'"  *Davis v. SPSS, Inc.*, 385 F. Supp. 2d 697, 712 (N.D. Ill. 2005)

(quoting *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193 n.12 (1976)).  Reckless disregard for the truth will establish scienter under a Rule 10b-5 claim.  *Id.*  "Recklessness is highly unreasonable conduct beyond simple or even inexcusable negligence that represents an extreme departure from the standards of ordinary car, such that its danger is either known to the defendant or so obvious that the defendant must have been aware of it."  *Id.* (citing *Sundstrand Corp. v. Sun Chem. Corp.*, 553 F.2d 1033, 1045 (7th Cir. 1977)).  All of these elements must have been pled with particularity, and none of them were.

In the Complaint, Plaintiff's sole source for his allegation that Defendants misrepresented whether the Group 48 offering was a security are statements in the PPM, *Complaint, ¶* 49 ("Defendants flatly say: 'the partnership does not believe the Units constitute 'securities'"); a statement in the PPM of intent to rely on Rule 506 as exemption and that they did not file the forms required for the exemption, *id.,* ¶ 48[3]; and a later statement within the PPM that the limited partnership is not a security, *id.*, ¶ 51[4].[5] The furthest these statements go is to show that these Defendants were allegedly wrong about their belief as to whether the limited partnership units did or did not constitute a security.  Nowhere in the Complaint is there a statement that the Defendants did know the limited partnership units are a security and they

---

[3] This is the second numbered Paragraph 48, which appears after Paragraph 49.

[4] It should be noted that the section of the PPM cited by Plaintiff in Paragraph 51 of the Complaint does not state that the limited partnership is not a security; rather, the cited section points out to the prospective limited partner that he or she will not earn a profit on the amount paid.

[5] Any statements made by Plaintiff's agent cannot be the basis for liability against Defendants because there is no private right of action for aiding and abetting a fraud claim under § 10(b); "[t]he conduct of a secondary actor must satisfy each of the elements or preconditions for liability." *Stoneridge Inv. Partners, LLC. v. Scientific-Atlanta*, 552 U.S. 148, 158 (2008).

intentionally misrepresented that knowledge for their material benefit.   In fact, Defendants pointed out that they could be wrong in their belief, stating that:

> If the SEC or a U.S. court were to determine that the Units are 'securities' (which the Partnership believes is unlikely), there can be no assurance that significant liability (and costs prior to such a determination upon an investigation, suit or enforcement action) for failure to comply with any or all such laws and related rules and regulations would not result to the Partnership resulting in a Material Adverse Effect.

> Further, there is no guarantee that all courts or regulatory bodies with proper jurisdiction would not take a position that is adverse to the Partnership, to which the Partnership would likely strongly object in such a case.  Investors and their advisors should consider the risks of unforeseen costs and liabilities to the Partnership in that event, and the potential of the Investor to lose their investment in such a circumstance.

Dkt. 1, Exh. 1, p.62 [page 76 of the PDF].  The Defendants clearly and specifically pointed out the possibility, and consequences, that they could be mistaken. This renders the possibility of finding the requisite scienter element impossible for Plaintiff to show.

Further, it is plain from the judicial admissions made in the Complaint that Plaintiff cannot make the required showing of scienter as to the Defendants' alleged fraud.  As Plaintiff pleaded, Defendants wrote in the PPM as to their belief regarding whether the limited partnership units were a security; and then they wrote that the limited partnership units were not a security. [6] Whether or not the limited partnership units are securities, and Plaintiff expends all of his pleading demonstrating his conviction that they are securities, the very presence of these contradictory statements both precludes Plaintiff from effectively pleading scienter as the chief

---

[6] Again, it should be pointed out that nowhere in the PPM did Defendants state that the limited partnership units were not a security, but merely stated that Group 48 did not believe the units were a security.  *See* Dkt. 1, Exh. 1.

element of the alleged fraud, and prevents Plaintiff from later effectively claiming that Defendants had the knowledge he now claims they fraudulently misrepresented.

Moreover, Plaintiff goes to great lengths to show that he received limited information regarding the documents making up the Subscription Agreement, the LPA and the PPM. In the Complaint, Plaintiff alleges that he received only 21 pages of the investment documents . . . a few pages plus the signature pages." *Complaint*, ¶ 22. Further, Mr. Zhan alleges that he received no translated documents, only verbal instructions from his attorney, and he does not read or speak English. *Id.* Taking these allegations as true, and considering Plaintiff's later allegations that the misrepresentations exist only in the written documents, it is impossible that Mr. Zhan relied upon these statements to his detriment even if they were made with knowledge of their falsity.[7]

Because Mr. Zhan could not have relied on the documents containing the statements he claims were false, and because he cannot show that the statements were made with scienter as to veracity, Count II must be dismissed for failure to state a claim upon which relief may be granted. The allegations do not meet the pleading standard under *Arazie*, supra.

B. Plaintiff's Allegations of Misrepresentation are Misguided as to the Materiality of the Statements.

In addition to the factual inconsistencies and inadequacies, Plaintiff did not and cannot show that Defendants made any allegedly fraudulent misrepresentation about any material fact arising outside the scope of the securities laws, as required to state a 10b-5 claim. Plaintiff's

---

[7] Furthermore, Plaintiff would have no standing to bring a Rule 10b-5 claim based upon statements he discovered after the purchase of the limited partnership units. *See Davis*, 385 F. Supp. 2d at 706 ("The Seventh Circuit has held that a plaintiff does not have standing to bring a Rule 10b-5 claim based on allegedly false statements made by defendants after plaintiff purchased the defendant company's stock.").

entire case rests on the premise that he was misinformed regarding whether the partnership was a security. But as the Supreme Court has instructed a party's false or material misstatement of information to another is actionable by another private party under 10b-5 only when there is an independent duty to disclose the information arising from a fiduciary or other similar relation of trust and confidence between the parties. *Chiarella v. United States*, 445 U.S. 222, 228 (1980). And further, the duty to disclose material facts arises only when there is a duty to disclose that exists outside the securities laws for finding a fiduciary or confidential relationship. *Forston v. Winstead*, 961 F.2d 469, 472 (4th Cir. 1992).

1. <u>Defendants had no fiduciary relationship with Plaintiff, and so Defendants had no duty to disclose material information as Plaintiff claims.</u>

Under Rule 10b-5, a defendant can be liable for the knowing misrepresentation or omission of material information only if he or she has a duty to disclose that information. *Chiarella,* at 235; *Desai v. Deutsche Bank Sec. Ltd.*, 573 F.3d 931, 938 (9th Cir. 2009). A duty to disclose does not arise from the mere possession of non-public information. *Chiarella*, at 235. And as to a broader view of the duty to disclose, based on the parties' relationship, generally "parties to an impersonal market transaction owe no duty of disclosure to one another absent a fiduciary or agency relationship, prior dealings, or circumstances such that one party has placed trust and confidence in the other." *Paracor Fin. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1157 (9th Cir. 1996).

Plaintiff here admits in his Complaint that he had no relationship with Defendants at all. While he and his attorney had a fiduciary relationship, the duties arising out of their relationship did not accrue to Defendants. And this certainly was an impersonal market transaction.

Even with respect to a private placement memorandum, the duty to disclose whether an offering is a security arises "when one party has information that the other party is entitled to know

because of a fiduciary duty or similar relation of trust and confidence between them.  *Chiarella, supra*; *Badger v. S. Farm Bureau Life Ins. Co.*, 612 F.3d 1334, 1340-46 (11th Cir. 2010). In this instance, the question of whether the Group 48 offering was a security is not information that Defendants had and Plaintiff did not. As discussed in the next section, the question of whether an investment is a security is not a fact susceptible to disclosure, and even if it were, Defendants were under no fiduciary obligation to Plaintiff to make the disclosure.

      2. <u>Whether the partnership offering was a security is not the category of information that must be disclosed, even in the presence of a fiduciary relationship.</u>

The question of whether the Group 48 offering is a security is a question of law, or mixed law and fact, and is not a fact that must be disclosed in the context of a duty to disclose material information related to an investment.

Courts have long treated the question of whether an investment is a security as one of law and not fact, or at least one of mixed fact and law. The Eighth Circuit examined the scope of section 2311 in *United States v. Speidel*, 562 F.2d 1129 (8th Cir. 1977), *cert. denied*, 435 U.S. 915, (1978). The district court below had dismissed an indictment under section 2314 on the ground that quitclaim deeds, as a matter of law, were not securities under section 2311. The circuit court reversed, relying on legislative history, statutory construction, and other methods of legal interpretation to conclude that as a matter of law quitclaim deeds do constitute "securities" under section 2311.

The Sixth Circuit, in *United States v. Deaton*, 364 F.2d 820, 821 (6th Cir. 1966), *cert. denied*, 386 U.S. 977 (1967), found that checks were securities under section 2311 as a matter of law, citing United States v. Sheridan,329 U.S. 379 (1946). *Accord, United States v. Tucker*, 473 F.2d 1290 (6th Cir.), *cert. denied*, 412 U.S. 942, (1973). Similar holdings have been made in the Second Circuit, *United States v. Wexler*, 621 F.2d 1218 (2d Cir.), *cert. denied*,   (1980)

(equipment leases), and the Tenth Circuit, *United States v. Roby*, 499 F.2d 151 (10th Cir.1974) (money orders); *United States v. Austin*, 462 F.2d 724 (10th Cir.), *cert. denied*, 409 U.S. 1048, (1972) (loan commitment letters).

Because the question of whether investments are securities is a matter of law, then Defendants' alleged failure to disclose that the Group 48 offering and partnership interests were a security could not constitute a material fact to be disclosed.

In contrast, the Northern District of Illinois decided a matter that is instructive as to the type of representations that can form the basis of an action for fraudulent misrepresentation.  In *United States SEC v. Sentinel Mgmt. Group, Inc*., 07 C 4684, 2012 U.S. Dist. LEXIS 57579, at *15-16 (N.D. Ill. Mar. 30, 2012), the SEC alleged that a Mr. Bloom misrepresented the risk associated with Sentinel's investment strategy in four ways: (1) Bloom failed to disclose Sentinel's extensive use of leverage; (2) Bloom misrepresented that investors' assets would be properly segregated; (3) Bloom failed to disclose that Sentinel commingled interest from its House and client accounts; and (4) Bloom misrepresented that Sentinel would not invest in below-grade securities.

The Court held these misrepresentations to be material, finding that "to the extent that Bloom made such misrepresentations, we find that the alleged misrepresentations are material as a matter of law. An omission or misrepresentation is material if there is a substantial likelihood that full disclosure would have been viewed by the reasonable investor as having altered the "total mix" of information made available. *Basic Inc. v. Levinson*, 485 U.S. 224, 231, (citing *TSC Indus. v. Northway, Inc.*, 426 U.S. 438, 449 (1976); *Sentinel* at *15-16.

In claiming that Defendants had a duty to disclose whether the offering was a security, Plaintiff has the rationale for the obligation upside-down.  The fact of registration or the legal

obligation to do so is not the material information that must be disclosed; rather, securities are registered to ensure disclosure of material information.

Based on the foregoing, Defendants submit the Court should dismiss Count II of the Complaint.

## VI.     No Private Right of Action Exists to Support Count III.

Like Count I, Count III fails as no private right of action exists.  Plaintiff claims in Count III that Defendants have failed to register as a broker-dealer, or they have aided and abetted unregistered broker-dealers in their efforts to garner investments.  But again no private cause of action exists, and Plaintiff is not entitled to the relief he seeks as a matter of law.

Plaintiff alleges in Count III of the Complaint that because Section 15(a)(1) of the Exchange Act was violated because a finder associated with CMB did not properly register as a broker-dealer, and so "every contract made" in violation of that statute should be rescinded as void pursuant to section 29(b) of the Exchange Act. Plaintiff also broadly and misleadingly asserts in Count III that section 20(e) of the Exchange Act "imposes aiding-and-abetting liability on any person that knowingly or recklessly provides substantial assistance in a violation of the Exchange Act," implying without expressly alleging that he, and not exclusively the SEC, may take corrective action. But here, too, Plaintiff lacks a right to bring a claim on these bases. Plaintiff cannot point to an expressly sanctioned private right of action, and any implied private right of action was vacated a long time ago.

Although Plaintiff may argue that there is an implied cause of action under Section 15(a)(1), no court which has considered the issue since *Cort v. Ash*, 422 U.S. 66 (1975), has implied a private right of action under Section 15 or  Section 15(a). *See, e.g., Walck v. Am. Stock Exch., Inc*., 565 F. Supp. 1051 (E.D. Pa. 1981) (no implied cause of action under Section 15),

*aff'd on other grounds*, 687 F.2d 778 (3d Cir. 1982), *cert. denied*, 461 U.S. 942, 77  (1983); *Bull v. Am. Bank and Trust Co.*, 641 F. Supp. 62 (E.D. Pa. 1986) (no private right of action under Section 15(a)(1)); *Admiralty Fund v. Hugh Johnson & Co.*, 677 F.2d 1311, 1313-14 (9th Cir. 1982) (no private cause of action under Section 15). For example, in *Walck* the court found that "[n]either the express language nor the legislative history of Section 15 provides a basis for concluding that Congress intended to create a right of action for money damages." *Walck*, 565 F. Supp. at 1059. Courts around the country have followed suit, holding time and again that the remedy for aiding and abetting the unlicensed sale of securities is the sole province of the SEC.

This issue was again addressed in *Cohen v. Citibank, N.A.*, 95 Civ. 4826 (BSJ), 1997 U.S. Dist. LEXIS 2112, at *4-5 (S.D.N.Y. Feb. 26, 1997), which again found that, since *Ash*, no court has found that a private right of action exists pursuant to Section 15. Furthermore, in holding that "Section 15(c)(1) does not create a private cause of action," the Second Circuit has stated that there is "little or nothing else to indicate that Congress intended to create" a private right of action under Section 15 in general. *Asch v. Philips, Appel & Walden, Inc.,* 867 F.2d 776, 777 (2d Cir. 1989).

As noted in *SEC v. Langford*, No. 8:12CV344, 2013 U.S. Dist. LEXIS 66266, at *19-20 (D. Neb. May 9, 2013), unlike private individuals or investors, the SEC may file actions for aiding and abetting securities violations. *See Stoneridge Inv. Partners LLC v. Sci.-Atl., Inc.* 552 U.S. at 162 (noting that Congress amended the securities laws to provide for limited coverage of aiders and abettors—aiding and abetting liability is authorized in actions brought by the SEC but not by private parties); *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 176-77 (1994) (holding that there is no private right of action for aiding and abetting a § 10(b) violation); 15 U.S.C. § 78t(e) (1995) (in  Section 104 of the PSLRA, Congress granted

the SEC authority to prosecute the aiding and abetting of securities-law violations under Section 20(e) of the Exchange Act); *Janus Capital Grp. Inc. v. First Derivative Traders,* 564 U.S. 135, 152 (stating that § 10(b) and Rule 10b-5 do not provide for "aiding and abetting" liability in private suits). Under 15 U.S.C. § 78t(e), "any person that knowingly or recklessly provides substantial assistance to another person in violation of a provision of this chapter, or of any rule or regulation issued under this chapter, shall be deemed to be in violation of such provision to the same extent as the person to whom such assistance is provided." 15 U.S.C. § 78t(e).

Accordingly, plaintiff cannot maintain his Section 15 claims against Defendants, who respectfully suggest they must be dismissed without leave to re-plead. *Cf., Cook v. Bates,* 92 F.R.D. 119, 121 (S.D.N.Y. 1981) (holding same).

Further, section 20(e) <u>explicitly</u> provides that liability for aiding and abetting, also pled by Plaintiff, can only be pursued by the SEC:

> Prosecution of persons who aid and abet violations. ***For purposes of any action brought by the Commission*** under paragraph (1) or (3) of section 21(d) [15 USCS § 78u(d)], any person that knowingly or recklessly provides substantial assistance to another person in violation of a provision of this title [15 USCS §§ 78a et seq.], or of any rule or regulation issued under this title [15 USCS §§ 78a et seq.], shall be deemed to be in violation of such provision to the same extent as the person to whom such assistance is provided.

15 U.S.C. § 78t (emphasis added); *see Stoneridge*, 552 U.S. at 162-63 (2008) ("Aiding and abetting liability is authorized in actions brought by the SEC but not by private parties.")

Plaintiff simply has no right to a private cause of action because he has no private authority to charge Defendants with a direct violation of Section 15(a) or with aiding and abetting a violation of the securities laws. Despite his vigorous protestations regarding Defendants' conduct, neither Plaintiff nor his counsel's legal conclusions can make or seek a

determination of the wrongful conduct claimed. And because he has no standing as a private party to establish that Defendants engaged in wrongful conduct, the remedy of rescission for Defendants allegedly wrongful acts is unavailable.

Thus, Plaintiff's Complaint for alleged violation of Section 15(a)(1) of the Exchange Act of 1934 should be dismissed for failure to state a claim.

**CONCLUSION**

For the reasons set forth in Defendants' Motion to Dismiss, as supported herein, thus each of Plaintiff's claims should be dismissed. Count I should be dismissed with prejudice for failure to state a claim on which a private cause of action may be maintained. Count II should be dismissed for failure to state a claim upon which relief can be granted, and without opportunity to re-plead because Plaintiff has admitted an inability to show scienter or materiality. Count III should be dismissed for failure to state a claim because no private cause of action exists for Section 15(a)(1) claims.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and served electronically to all Parties on this 27th day of August 2018.

> Douglas Eliot Litowitz, Esq.
> 413 Locust Place
> Deerfield, Illinois 60015
> E-Mail:  litowitz@gmail.com
>
> *Attorneys for Plaintiff Kewu Zhan*

*/s/ Donald E. Lake, III*
Donald E. Lake, III
