### IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

| | |
|---|---|
| **KEWU ZHAN**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:18-cv-04126 |
| v. ) | |
| ) | Judge Darrow |
| **PATRICK F. HOGAN**, ) | |
| **CMB EXPORT INFRASTRUCTURE** ) | Magistrate Hawley |
| **GROUP 48 LP, et al.** ) | |
| Defendants. ) | |

### RESPONSE TO DEFENDANT'S MOTION TO FILE REPLY

Plaintiff Zhan – in response to CMB's Motion for Reply – seeks to reimpress on this Court that the decision in *Landegger v. Cohen* is dispositive of this lawsuit. If the Court accepts this case as good law – which it is -- there is no reason to go a step further. Zhan is entitled to rescission and repayment of his money. This decision should be the focus of the Court.

*Landegger v Cohen*, 5 F. Supp. 3rd 1278, 1292 (D. Colo. 2013) holds that when an unlicensed broker puts a purchaser of securities into contractual privity with an issuer of the securities, the transaction is void. The purchaser has a private right of action to declare the transaction void. In *Landegger*, the brokers were unlicensed. The purchaser sued for rescission and return of all his money in the investment. The Court held that there was indeed a private right of action for rescission based on the failure of the brokers to register. *Landegger* is good law without negative reviews.

Here, the SEC and the Central District of California have both held that the immigration attorney who recommended Zhan's investment into CMB for commissions – Hui Feng - was an unlicensed broker. He was acting as a broker but did not have a license,

just like in *Landegger*.

The two cases are materially identical in that they both involved unlicensed brokers who placed clients into private offerings. The result should be the same: the investment is void, a nullity. There is nothing to send to arbitration and no reason to delve further into the motions before this Court.

CMB tries to distinguish *Landegger* on the facts by saying that the defendants in *Landegger* were "admitted brokers" whereas Hui Feng never admitted being a broker. But nothing legal turns on what label a person gives to himself. The SEC and the Central District of California held that Hui Feng was in fact a broker without a license just like the unlicensed brokers in *Landegger*.

The legal rule is that an unlicensed broker cannot set up a binding securities transaction, period. This is not some crazy theory – it tracks the federal statutes word-for-word. Section 15(a)(1) of the Securities Exchange Act holds that no person shall effect a securities transaction without being registered, and Section 29(b) says that any transaction in violation is void, giving a right of rescission. *Landegger* was not some spur of the moment decision – the Court looked at all the precedents, examined the statutory language from all angles, and reached a reasoned conclusion. *Landegger* is good law, and CMB has nothing to contradict it.

In a self-immolating move, CMB tries to discredit Zhan for citing an unpublished case, namely *Peraza v. Univa Sports LLC*, 2015 WL 11233130 (S.D. Fla. Feb. 20, 2018), which cited *Landegger* for the proposition that there is a private right of action under Section 15(a). But CMB's Motion for Reply cites three (3) unpublished cases from LEXIS on a single page, and their leading case against the rule in *Landegger* is an unreported decision from 16 years previous, namely *Cohen v. Citibank* 1997 WL 88378 (S.D.N.Y. 1997). Furthermore, CMB cites the *Winter*s decision in this Court, which is also from Westlaw.

In a final move, CMB tells this Court that *Landegger* was wrongly decided. But anyone who reads the case can see that the Court was patient and deliberate, and there are no negative citations to the decision. Of course *Landegger* was decided in a different Circuit, but until the Seventh Circuit issues a ruling squarely on Section 15(a)(1) and Section 29(b) of the Securities Exchange Act, or until *Landegger* is somehow questioned or overruled, it is the best persuasive authority available, and it was cited by at least one other federal court.

In addition to *Landegger*, the Complaint at Count III alleges well-pleaded facts that CMB itself is acting as a unregistered broker-dealer: they are taking transaction based commissions (para. 62); they are splitting a syndication fee and taking referrals of investors with a Swiss subsidiary (para. 67); they are promoting their securities from their office in Rock Island (para. 64); they are charging an administrative fee of 10% on the investment (para. 69); they are using a network of foreign finders to send clients and funds to the US (para 71), and they promote their projects from a US web site and on the Internet. These are classic brokerage activities. Assuming all well-pleaded facts to be true, CMB is itself an unregistered broker-dealer, and any transactions that it brokers for investors to put their money in affiliated CMB funds are void on its own demerits, quite apart from the unlawful and void investments that came to it via unlicensed brokers like Hui Feng.

The decision is *Landegger* is attached as Exhibit 1. It is dispositive. But even so, all three counts of the Complaint are solidly pleaded and do not need further elaboration.

CMB is being sullen and intransigent. In the face of overwhelming precedents and case law saying that EB-5 limited partnership interests are "securities," including the *SEC v. Kameli* decision a year ago in the Northern District, they still refuse to admit that they are selling "securities." After the SEC sent them a letter one year ago telling them to stop paying commissions to unlicensed broker Hui Feng, and he has a spreadsheet showing the deals that he referred to CMB, they still come before this Court and say that they are not

3

'affiliated' with him.  They tell this Court that 11 pages of fraudulently induced signatures constitute "an undisputed fact" that Zhan signed a mandatory arbitration agreement. These are outlier positions that stretch the bounds of reason, are unsupported by law, and will not help this Court to write an opinion that is current in the law.

This case should survive the motion to dismiss and the Court should order a hearing to determine why this lawsuit should even proceed further in light of the clear right of rescission afforded to Zhan under *Landegger*.

WHEREFORE, Plaintiff asks for this Court to deny Defendants request to submit a Reply and to order a hearing on the *Landegger* decision.

> Respectfully submitted,
>
> */s/ Doug Litowitz*
>
> Counsel for Plaintiff

Douglas Eliot Litowitz
413 Locust Place
Deerfield, IL 60015
(312) 622-2848

### Certificate of Service

I certify that on the 21st day of September, I electronically filed this Response with the Clerk of the Court using the CM/ECF system.

> Donald E. Lake III, Lewis Brisbois et al
> Attorneys for CMB Export LLC
> 1700 Lincoln Street #4000
> Denver, CO 80203
> 303-861-7760; tripp.lake@lewisbrisbois.com
>
> */s/ Doug Litowitz*